IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| J.A.M., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | 1 : 22-CV-154 (TQL) |
| | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

# ORDER

Plaintiff filed this Social Security appeal on October 4, 2022, challenging the Commissioner's final decision denying her application for disability benefits, finding her not disabled within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3).

*Legal Standards*

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla,

such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971)*; Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

*Administrative Proceedings*

Plaintiff's applications for disability and Supplemental Security Income benefits were filed in February 2020. (T-232-240). These applications were denied initially and upon reconsideration. (T-88-89, 142-143). Following a hearing before an ALJ, the ALJ issued a partially favorable decision on March 16, 2022. (T-7-32). The ALJ determined that the Plaintiff was entitled to a closed period of disability, finding her disabled between November 6, 2017 and November 6, 2020. (T-23-24). The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (T-1-6).

*Statement of Facts and Evidence*

Plaintiff, born on July 29, 1975, was 46 years of age at the time of the ALJ's decision. (T-249). Plaintiff alleges disability since October 15, 2016, due to heart problems, anxiety, depression, high blood pressure, and right ankle surgeries. (T- 249, 253). Plaintiff completed the 12th grade and LPN training and has past relevant work experience as a cashier, eyeglass repairer, and LPN. (T-

254).

As determined by the ALJ, prior to November 6, 2017, Plaintiff suffered from certain impairments, but none of these impairments were severe. (T-14). The ALJ further found that beginning on November 6, 2017, Plaintiff suffered from severe impairments in the form of ankle sprain, osteoarthritis, asthma, obesity, and depressive and panic disorders. (T-16). However, the ALJ concluded that beginning on November 7, 2020, Plaintiff experienced medical improvement and was no longer disabled. (T-19, 24). Thus, the ALJ found that Plaintiff was entitled to a closed period of disability, beginning on November 6, 2017 and ending on November 6, 2020.

## DISCUSSION

Plaintiff contends that the ALJ erred in finding that Plaintiff experienced medical improvement and that her disability ceased as of November 7, 2020, and that the ALJ failed to properly consider the opinion of her treating orthopedist, Dr. John Fennessy. Plaintiff suffered a fall in November 2017, injuring her right ankle, and she reinjured this ankle on two (2) subsequent occasions. (T-18).

***Medical improvement***

In awarding a closed period of disability benefits, the Commissioner is required to determine whether the claimant has experienced medical improvement subsequent to the ending of the closed period. *Pickett v. Bowen*, 833 F.2d 288 (11th Cir. 1987) ("the Disability Amendments require that the ALJ examine whether the claimant has experienced medical improvement" in awarding a closed period of benefits). "[T]here can be no termination of benefits unless there is substantial evidence of improvement to the point of no disability. . . . [and] a comparison of the original medical evidence and the new medical evidence is necessary to make a finding of improvement." *McAulay v. Heckler,* 749 F.2d 1500 (11th Cir. 1985).

Medical improvement is defined as "any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled or continued to be disabled." 20 C.F.R. § 404.1594(b)(1). A finding of medical improvement must be based on improvement in the symptoms, signs, and/or laboratory findings, and must relate to the claimant's ability to work. *Id.*, 20 C.F.R. § 404.1594(a).

Medical improvement is considered to be related to a claimant's ability to work if there has been a decrease in severity of the impairments and an increase in the claimant's functional capacity to do basic work activities. 20 C.F.R. § 404.1594(b)(3).

In finding that Plaintiff was disabled between November 6, 2017 through November 6, 2020, the ALJ found that "there was consistent evidence of antalgic gait with decreased weight bearing through the right lower limb during the period ending November 6, 2020." (T-19). Additionally, the medical evidence showed that Plaintiff had decreased motion in the ankle joint and limitations in prolonged standing/walking and ambulation on elevated surfaces. *Id*. As a result, the ALJ determined that Plaintiff was disabled between November 6, 2017 and November 6, 2020, with an RFC that included "[d]ue to pain and difficulty with ambulation, the claimant would be off task 20 to 30 percent of the workday." (T-18).

The ALJ determined that Plaintiff had experienced medical improvement related to her ability to work beginning November 7, 2020 due to findings that Plaintiff regained normal ambulation, with good ankle stability. (T-19). Based on these findings, the ALJ found that "the claimant's disability ceased on November 7, 2020 due to her healed fracture[1], stable gait, and mild degenerative

---

[1] Although the ALJ refers to the healing of a fracture in Plaintiff's ankle, medical records show that Plaintiff was not diagnosed with a fracture but with an ankle sprain. (T-1126-1128).

4

changes/arthritis and she has not become disabled again since that date." (T-20). The ALJ accordingly removed from Plaintiff's RFC the limitation "[d]ue to pain and difficulty with ambulation, the claimant would be off task 20 to 30 percent of the workday." (T-19).

Plaintiff's medical records support the ALJ's finding that Plaintiff had experienced medical improvement as of or after November 6, 2020. In office visits prior to November 6, 2020, Dr. Fennessy noted that the ankle was "getting a little bit tighter", that Plaintiff was experiencing swelling, pain, and instability in the ankle. (T-1233, 1254, 1258, 1267, 1271). However, in a treatment note dated November 6, 2020, Dr. Fennessy noted that "Pt states [sprain of right ankle] has improved, stop wearing boot. Throbbing at times". (T-1246). Dr. Fennessy concluded that "Patient's ankle is getting a little bit better from the most recent injury. She wore the walking boot for a while. She now wears a[n] ankle brace. She still has pain on a daily basis but the ankle is feeling a little bit more stable . . . ankle doing better and making progress with rom and strengthening". (T-1249). Dr. Fennessy directed Plaintiff to continue wearing an ankle brace and continue pain management through medication. *Id.*

Subsequent treatment notes reflect continued improvement. On January 8, 2021, Dr. Fennessy noted that Plaintiff was "doing okay but continued pain in her ankle with some burning and occasional numbness." (T-1651). Plaintiff was trying to do some walking (T-1681), made occasional use of an ankle sleeve brace (T-1695), and x-rays showed only mild degenerative changes in the ankle (T-1700).

The ALJ also relies on records from Plaintiff's treatment at Hometown Health Care. (T-1717-1775). These records contain repeated notations that after November 6, 2020 Plaintiff had normal movement of her extremities and had no extremity edema. (T-1740, 1743, 1745, 1749, 1752, 1755,

1761).

Dr. Fennessy's finding that Plaintiff experienced medical improvement as of November 7, 2020 is supported by substantial evidence. The objective medical record provides evidence of a decrease in the medical severity of Plaintiff's ankle condition, which was related to Plaintiff's ability to perform work activity.

***Treating physician***

Plaintiff further claims that the ALJ failed to explain the supportability and consistency factors in regard to his evaluation of Dr. Fennessy's 2022 opinion. As Plaintiff's claim for benefits was filed after March 27, 2017, new regulations apply to the consideration of medical opinions. *See* 20 C.F.R. § 404.1520c.

> This new regulatory scheme no longer requires the ALJ to either assign more weight to medical opinions from a claimant's treating source or explain why good cause exists to disregard the treating source's opinion. Under the new regulations, an ALJ should focus on the persuasiveness of medical opinions and prior administrative medical findings by looking at five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors. The ALJ may, but is not required to, explain how she considered factors other than supportability and consistency, which are the most important factors.

*Matos v. Commissioner of Social Security*, 2022 WL 97144, *4 (11th Cir. 2022).

In a pain evaluation completed on January 13, 2022, Dr. Fennessy answered "no" to the question whether he thought Plaintiff could work, and that her pain level would "constantly" interfere with Plaintiff's attention and concentration needed to perform even simple work tasks. (T-1808). In an accompanying Physical Capabilities Evaluation, Dr. Fennessy identified Plaintiff's impairment as "Right instability/arthritis", and concluded that her impairment would cause pain at a level that would preclude full-time work activity. (T-1812).

In regard to Dr. Fennessy's January 2022 opinion, the ALJ found that:

> Dr. Fennessy's opinions are mostly supported and consistent with the evidence during the closed period. However, after the closed period, the undersigned notes that Dr. Fennessy's treatment records show that the claimant's ankle was stable and that her ambulation was normal and do not support his opinion of debilitating limitations. He indicated that the claimant could sit for only four hours, but there is no evidence of any impairment that would limit the claimant's ability to sit. He indicated that the claimant could frequently reach, but there is no impairment of the upper extremities that would limit the ability to reach. He indicated that the claimant's concentration was constantly affected by pain, but the claimant had normal, logical thoughts, answered all questions and completed serial 7 subtractions when seen by Dr. Carden. Therefore, his opinions are neither supported nor consistent and are not persuasive.

(T-21).

Contrary to Plaintiff's assertions, the ALJ provided reasons for finding the opinion of Dr. Fennessy less than fully persuasive, reasons which focus on supportability and consistency and are supported by substantial evidence. As noted by the ALJ, Plaintiff's most recent physical examination findings reflect Plaintiff's normal ambulation and improvement in her ankle condition, and do not include any reaching or sitting restrictions, restrictions issued by but not explained by Dr. Fennessy. The ALJ's finding that Dr. Fennessy's opinion that Plaintiff was totally disabled was not fully persuasive is supported by substantial evidence.

## *Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, the Commissioner's decision is **AFFIRMED** pursuant to Sentence Four of § 405(g).

**SO ORDERED**, this 30th day of October, 2023.

*s/ THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**